**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                                        **NO: 17-230**

**MICHAEL LEVERIDGE**                              **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Defendant Michael Leveridge's Motion for Compassionate Release (Doc. 47). For the following reasons, the Motion is DENIED.

## BACKGROUND

Defendant Michael Leveridge has served 27 months of his 84-month sentence for conspiracy to distribute and to possess with the intent to distribute 500 grams or more of methamphetamine. He is currently housed at FMC Fort Worth and is scheduled to be released on November 28, 2024. Defendant moves this Court for compassionate release to home confinement in light of the COVID-19 virus outbreak at his facility. He argues that in light of his pre-existing health conditions, including asthma and HIV/AIDS, he is at

high risk for complications if he contracts COVID-19. The Government opposes the requested relief.

## LEGAL STANDARD

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."[1] Section 3582(c), as amended by the First Step Act, states in relevant part that:

> The court may not modify a term of imprisonment once it has been imposed except that-- (1) in any case-- (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that— (i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The Sentencing Commission's policy statement regarding compassionate release sets forth what facts are considered "extraordinary and compelling." "Although historically sentence reductions could be ordered only upon a motion by the Director of the Bureau of Prisons, the First Step Act of 2018 amended

---

[1] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).

the statute to additionally allow prisoners to petition the Court."[2] The Sentencing Commission's policy statements have not, however, been amended since the enactment of the First Step Act, "and consequently, a portion of the policy statement now squarely contradicts 18 U.S.C. § 3582(c)(1)(A) as amended."[3] In recognizing this discrepancy,

> [m]any courts have concluded that this discrepancy means that the Sentencing Commission does not have a policy position applicable to motions for compassionate release filed by defendants pursuant to the First Step Act. Accordingly, other district courts have found that they have discretion to determine what constitutes an "extraordinary and compelling reason[ ]" on a case by case basis, and reliance on the policy statement may be helpful, but not dispositive.[4]

The policy statement states that, provided a defendant is not a danger to the community, extraordinary and compelling reasons exist under the following circumstances:

> (A) Medical Condition of the Defendant.—

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

> (ii) The defendant is—

> (I) suffering from a serious physical or medical condition,

---

[2] United States v. Perdigao, No. CR 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020).

[3] *Id.*

[4] *Id.*

3

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[5]

## LAW AND ANALYSIS

On July 2020, Defendant submitted a request for home confinement to the warden of his facility based on his "underlying conditions," including "respiratory impairment associated with Asthma."[6] His request was denied on

---

[5] U.S.S.G. 1B1.13.
[6] Doc. 54 at 11.

August 12, 2020. While Defendant contends that his request was sufficient to exhaust the § 3582(c) requirements to bring a motion for compassionate release before this Court, the Government disagrees, arguing that he failed to include his HIV-positive condition in the request, instead relying only on his asthma. Even assuming that Defendant's request was sufficient to exhaust his administrative remedies, however, his request fails on the merits.

Defendant moves for compassionate release in response to the COVID-19 pandemic. To succeed on a motion for compassionate release, Defendant must show extraordinary and compelling reasons. Defendant contends that he suffers from asthma and an immunocompromised condition resulting from HIV/AIDS, making him more vulnerable to severe illness if COVID-19 is contracted. Indeed, the Centers for Disease Control has indicated that persons with asthma or an HIV infection are at an increased risk for serious illness from COVID-19.[7]

However, Defendant's medical records show that he received his second Pfizer-BioNTech immunization from COVID-19 on January 7, 2021.[8] According to the Centers for Disease Control, the "Pfizer-BioNTech vaccine was 95% effective at preventing laboratory-confirmed COVID-19 illness in people without evidence of previous infection."[9] In addition, Defendant later

---

[7] Centers for Disease Control, *People with Certain Medical Conditions*, *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 11, 2021).

[8] The Pfizer-BioNTech vaccine requires two shots, twenty-one days apart. Centers for Disease Control, *Pfizer-BioNTech COVID-19 Vaccine Overview and Safety*, *available at* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last visited May 11, 2021).

[9] *Id.*

tested positive for COVID-19 on January 27, 2021 and did not suffer any severe illness or adverse consequences from that infection. Accordingly, Defendant has already contracted the virus about which he is concerned and, fortunately, successfully recovered despite his preexisting conditions. Defendant does not present any argument or evidence that he is at risk of reinfection or that a second infection may not end as favorably. "In the Fifth Circuit and elsewhere, courts have denied early release to inmates with a variety of medical conditions who have been vaccinated for COVID-19."[10] Defendant has not therefore shown an extraordinary and compelling reason for release.

## **CONCLUSION**

For the foregoing reasons, the Motion is DENIED.


New Orleans, Louisiana this 13th day of May, 2021.

**JAKE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[10] United States v. Forman, No. 4:15-CR-129(6), 2021 WL 1536491, at *7 (E.D. Tex. Apr. 16, 2021) (and cases cited therein).